IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY LEWIS SHARPE, #206506, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:05-CV-471-D |
| ) | WO |
| ) | |
| OFFICER ATKINS, et al.,   ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon initiation of this civil action, Tony Lewis Sharpe ["Sharpe"], a state inmate presently confined at the Ventress Correctional Facility, filed a motion for emergency injunctive relief. In this motion, Sharpe seeks confinement in protective custody based on actions which occurred at the Bullock County Correctional Facility in October of 2004. He also asserts that he is entitled to protection due to a fear for his safety "as a result of the nature of his criminal offense"[1] and "due to his size (Plaintiff is a small white older individual) . . ." *Motion for Emergency Injunctive Relief* at 1. The court therefore construes this pleading as a motion for preliminary injunctive relief pursuant to Rule 65, *Federal Rules of Civil Procedure*.

Upon review of the plaintiff's motion for preliminary injunction, the court concludes that this motion is due to be denied.

---

[1] In the memorandum brief filed by the plaintiff in support of his complaint, Sharpe identifies himself as a sex offender.

## DISCUSSION

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to **all** prerequisites. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983). The four prerequisites which a movant must satisfy are: (1) a substantial likelihood that the movant will ultimately prevail on the merits, (2) a showing that the movant will suffer irreparable injury unless the injunction issues, (3) proof that the threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party, and (4) a showing that the injunction, if issued, will not be adverse to or harm the public interests. *Parker v. State Board of Pardons and Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). The plaintiff fails to demonstrate that he meets each of the prerequisites for issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion for a preliminary injunction be DENIED.

2. This case be referred back to the undersigned for additional proceedings relative to the claims presented in the plaintiff's complaint.

It is further

ORDERED that on or before June 7, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of May, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE